### STATE v. TRULL.

Circuit Court, Sumter County, Criminal Appeal.

February 4, 1957.

Thacker & Thacker, for appellant.

A. P. Buie, State Attorney, Fifth Circuit, Ocala, and Joseph P. Manners, Ass't. Attorney General, and George R. Gerogieff, Ass't. Attorney General, both of Tallahassee, for appellee.

T. G. FUTCH, Circuit Judge.

This cause came on to be heard on appeal from the county court of Sumter County, and was argued before me in chambers at Tavares, Lake County.

Defendant was tried in the county court of Sumter County under information filed by the prosecuting attorney charging him with unlawfully having in his possession certain alligator hides which were under the length required by *law*. There is no law on the statute books of this state pertaining to alligator hides and there is no law fixing a penalty for having any kind of alligator hides in possession at any time.

Many questions were presented by plaintiff in error as to whether or not the constitution vests the Game & Fresh Water Fish Commission with any authority relative to alligators, the question of illegal search and seizure by the game warden is presented in the record — but the determination of one single question will settle this case on appeal.

The information as filed is not proper in form, but probably could have been cured by attaching thereto or introducing in evidence proof that the Game & Fresh Water Fish Commission had in fact promulgated and caused to become effective a rule or regulation which the appellant necessarily violated if found guilty in the matters charged in the information.

The statute governing the issuance of codes, rules, regulations and orders by that commission provides, inter alia, that such codes, rules, regulations and orders shall become effective 30 days after the filing of a certified copy in the office of the Secretary of State. The statute further provides that copies of such codes, rules, regulations, orders and amendments properly certified by either the Secretary of State or the director of the commission shall be admitted in evidence.

The record here is completely silent as to whether the regulation or rule here involved has ever become effective — and this court cannot take judicial knowledge of any such fact if it did exist.

The state was represented by a special assistant attorney general from the office of the Attorney General, and he readily agreed that in the absence of such proof of the existence in effect of such rule or regulation the cause must be reversed. Order will be entered accordingly.

*On rehearing:* This cause came on to be heard on the petition for rehearing filed in behalf of the state through the office of the Attorney General by two special assistants, Joseph P. Manners and George R. Gerogieff.

The court has given further and additional consideration to the several matters urged in the petition for rehearing, but finds nothing new or additional to that already considered by the court, except the provision of section 372.021 (4) relating to certification which while not then mentioned by the appellant or appellee before this court, was nevertheless considered by this court in arriving at its conclusions, opinion and judgment heretofore entered.

It is, of course, possible for the director to certify a rule, regulation, order or amendments thereto, but no such certification by the director can eliminate the necessity for evidence that such rule, regulation or amendment has actually been filed in the office of the Secretary of State of Florida—because no such rule, regulation or amendment can become effective until after the same has been filed in the office of the Secretary of State.

To allow such proof to be made by virtue of the certificate of the director of the commission would be the equivalent of undertaking to endow that official with the power to pick himself by his own bootstraps—which is a feat, I understand, no individual has yet been able to accomplish.

Referring to the question of judicial knowledge, it will be noted that the language by the legislature is equivocal and in effect says nothing when it uses these words — "Nothing herein shall be con-

strued as preventing or prohibiting the courts from taking judicial knowledge thereof." This court does not understand the doctrine of judicial knowledge to be a mere will-o'-the-wisp, but understands it to be a substantive, effective and most valuable rule of evidence and not one which the court may brush aside in order to make a ruling different from that which must be made when it is applied.

Having been a member in times past of both houses of the state legislature and having some knowledge of the manner in which legislative bodies function and the alacrity with which the legislature at times passes the ball to the courts, the executive branch or some straw man which it has set up in the form of a commission, the language above quoted does not surprise me at all, and by the same token having become familiar with the inclination of boards and commissions to become in their own opinion infallible with unlimited power and authority, this court is not yet ready to clothe such rules and regulations and claims of action by such boards and commissions with any halo of any special merit or privilege.

The statutory requirements as to such rules and regulations as are here involved are so simple that there can be no failure in good faith to comply with them, and there should be no reluctance in showing that they have been complied with. The petition for rehearing is denied.